UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD H. BAKER,<br><br>                    Plaintiff,<br><br>        v.<br><br><br>VOITH PAPER, INC., et al.,<br><br>                    Defendants. | No. CV-05-3070-FVS<br><br><br>ORDER |

**THIS MATTER** comes before the Court without oral argument for resolution of four motions.  The plaintiff is represented by Christine M. Weaver and Crystal B. Spielman.  The defendants are represented by Michael C. Lord and James M. Shaker.

**BACKGROUND**

Richard Baker worked for Voith Fabrics US Sales Inc. (hereinafter "Voith").  Mr. Baker suffered from poor health.  On May 2, 2005, he allegedly sent an offensive e-mail under an assumed name to Bob Gallo, a senior vice president.  Mr. Gallo ordered Joe Booth, the director of human resources to identify the sender and fire him no matter who he happened to be.  On May 6th, Mr. Baker's physician drafted a letter stating that he was advising Mr. Baker to refrain from working.  It is unclear when Voith received the letter.  By May 9th, Mr. Booth knew that Mr. Baker had sent the offensive e-mail.  He ordered John Bolt to fire him.  Mr. Bolt did so on May 9th.  On June 21st, Mr. Baker filed an action in state court alleging Voith

ORDER - 1

violated the State of Washington's Law Against Discrimination, ("WLAD"), RCW 49.60.010 *et seq*. He alleges that Voith fired him in order to avoid paying either short-term salary continuation benefits or long-term disability benefits. Voith removed the action. 28 U.S.C. § 1446. The Court has original jurisdiction based upon diversity of citizenship. 28 U.S.C. §§ 1441(b), 1332(a).

**MOTION TO AMEND**

Mr. Baker moves to amend his complaint. Fed.R.Civ.P. 15(a). Initially, he asked to abandon his disability discrimination claim and add a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1002(1). Voith objected on a number of grounds, including bad faith, tardiness, prejudice, and futility. Given Voith's response, Mr. Baker has modified his request. Now, he proposes to add the ERISA claim, but retain the discrimination claim until the Court determines whether he has a basis for bringing the ERISA claim. If the Court rules for him on this issue, he will abandon the discrimination claim. If the Court rules against him, he will proceed with the discrimination claim. Mr. Baker's motion to amend is denied. If he wants to pursue his discrimination claim, he may do so. If he does not want to pursue it, he may move to dismiss this action, Fed.R.Civ.P. 41(a)(2), and file a new action seeking relief under ERISA.

**MOTION TO MODIFY SCHEDULING ORDER**

Mr. Baker moves to modify the scheduling order so that he may conduct additional depositions. A scheduling order may be modified only upon a showing of good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). Mr. Baker has failed to satisfy this standard. His motion to modify is denied.

ORDER - 2


**IT IS HEREBY ORDERED:**

1. Mr. Baker's motion to amend (**Ct. Rec. 48**) is denied.

2. Mr. Baker's motion to modify the scheduling order (**Ct. Rec. 44**) is denied.

3. Mr. Baker's motion for a protective order (**Ct. Rec. 33**) is denied as moot.

4. Voith's motion to continue (**Ct. Rec. 53**) is denied as moot.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___1st___ day of September, 2006.

>           s/Fred Van Sickle
>           Fred Van Sickle
>    United States District Judge

ORDER - 3