UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

RICHARD H. BAKER,

          Plaintiff,

      v.

VOITH PAPER, INC., et al.,

          Defendants.

No. CV-05-3070-FVS

ORDER

**THIS MATTER** comes before the Court based upon Mr. Baker's motion to dismiss.  He is represented by Christine W. Weaver and Crystal B. Spielman.  The defendants are represented by Michael C. Lord and James M. Shaker.

     **BACKGROUND**

     Richard Baker worked for Voith Fabrics US Sales Inc. (hereinafter "Voith").  Voith fired Mr. Baker during May of 2005. During June, he filed an action in state court alleging Voith violated the State of Washington's Law Against Discrimination by firing him in order to avoid paying either short-term salary continuation benefits or long-term disability benefits.  Voith removed the action to federal court.  28 U.S.C. § 1446.  Jurisdiction was predicated upon diversity of citizenship.  28 U.S.C. §§ 1441(b), 1332(a).  On October 25, 2005, a scheduling conference was held.  The date of July 10, 2006, was fixed as the discovery cutoff.  Days before the deadline, Mr. Baker moved to amend his complaint.  He

proposed to abandon his disability-discrimination claim and assert a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  Besides moving to amend, Mr. Baker also moved to extend the discovery cutoff.  The Court denied both motions; instead offering Mr. Baker essentially two choices: proceed to trial or seek dismissal.  He chose the latter.  He asks the Court to dismiss his disability-discrimination claim without prejudice and without requiring him to pay attorneys' fees or costs.  Fed.R.Civ.P. 41(a)(2).[1]  Voith does not object to dismissal, but does urge the Court to dismiss Mr. Baker's claim with prejudice and allow it (Voith) to apply for attorneys' fees and costs.

**RULING**

Dismissal with prejudice is permissible only in exceptional circumstances.  *See Westlands Water Dist. v. United States*, 100 F.3d 94, 96-8 (9th Cir.1996).  Here, the discovery cutoff was just days away when Mr. Baker requested leave to substitute an ERISA claim for his disability-discrimination claim.  It was unreasonable for Mr. Baker to wait until that point to make such a request.  Consequently, his disability-discrimination claim will be dismissed with prejudice. This leaves the matter of attorneys' fees and costs.  Imposition is not mandatory.  *Id.* at 97.  Since the Court is dismissing Mr. Baker's

---

[1]Rule 41(a)(2) states in pertinent part:

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

ORDER - 2

disability-discrimination claim with prejudice, the Court will not order him to pay attorneys' fees or costs.

**IT IS HEREBY ORDERED:**

Mr. Baker's motion to dismiss (**Ct. Rec. 77**) is granted in part. His disability-discrimination claim is dismissed with prejudice.  No other terms or conditions will be imposed.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to file this order, enter judgment accordingly, furnish copies to counsel, and close the case.

**DATED** this   16th   day of October, 2006.


                     s/ Fred van Sickle
                    Fred Van Sickle
                United States District Judge

ORDER – 3